UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NADIA PEREZ-JUAREZ,<br><br>Defendant. | No. 2:15-cr-00063-KJM<br><br><br>ORDER |

This matter is before the court on defendant's motion to dismiss the indictment charging her with illegal reentry into the United States in violation of 8 U.S.C. § 1326. (ECF No. 6.) Defendant argues in essence that because the predicate removal order is invalid and her removal was fundamentally unfair, this court should dismiss the indictment. (ECF No. 11.) The court held a hearing on the matter on July 1, 2015, at which Katherine Lydon appeared for the government and Sean Riordan appeared for defendant. (ECF No. 19.) Following the hearing, the parties filed supplemental briefing. Having considered the briefing, the parties' arguments at hearing, and good cause appearing, the court GRANTS defendant's motion as explained below.

I.   BACKGROUND

Defendant Nadia Perez-Juarez, a native and a citizen of Mexico (ECF No. 11-2, Ex. A), lived in the United States since she was an infant (ECF No. 11 at 2). In 2007, defendant pled guilty in state court to voluntary manslaughter under California Penal Code section 192(a).

1

(*Id.* at 3.) At the conclusion of her sentence in 2013, the federal government initiated removal proceedings against her. (ECF No. 11-2, Exs. F–H.) At the removal hearing on September 26, 2013, defendant's pro bono counsel "concede[d] the charge of removability." (Removal Proceedings Tr. at 18:16–19, ECF No. 11-2, Ex. I; Paulus Decl. ¶ 4, ECF No. 20-1, Ex. Q.[1]) Counsel sought relief, however, under the Convention Against Torture (CAT) based on defendant's mental health conditions and sexual identification as a lesbian. (Removal Proceedings Tr. at 18:19–24, 19:15–16.)

Counsel had two reasons for conceding defendant's removability. (Paulus Decl. ¶¶ 3–5.) First, she relied on defendant's prior pro bono lawyer, who informed her "she had researched [defendant's] case, and that relief under the . . . [CAT] was her only viable option." (*Id.* ¶ 3.) Second, while counsel "requested and was granted a continuance of about a month to research the charges . . . [,]" she only "consulted the 'Quick Reference Chart for Determining Immigration Consequences of Selected California Offenses' published by the Immigration Legal Resource Center in January 2013." (*Id.* ¶ 4.) That chart "classified a California conviction for voluntary manslaughter as an 'aggravated felony' . . . ." (*Id.*) "But the chart also contained disclaimers." (*Id.*) Counsel "did not do case law research to determine whether there was a serious argument that a California voluntary manslaughter conviction is not categorically an aggravated felony crime of violence." (*Id.*)

Based on the record defendant's counsel did make, the immigration judge ordered defendant removed and denied her application for relief under the CAT. (ECF No. 11-2, Ex. J.) Defendant appealed to the Board of Immigration Appeals (BIA), but the BIA affirmed the immigration judge's ruling. (*Id.*, Ex. L.) Defendant then filed a petition for review of the BIA decision and a motion for a stay of removal with the Ninth Circuit. (*Id.*, Ex. N.) After her petition for stay of removal was denied, defendant was removed to Mexico in November 2014. (ECF No. 11 at 5.) Defendant's petition for review is still pending before the Ninth Circuit. (*Id.*) That petition does not challenge the immigration judge's determination of defendant's

---

[1] Defendant's current counsel filed the Paulus Declaration after filing the reply, and after oral argument. The government has not objected to the declaration and the court considers it.

removability; rather, it challenges only the determination whether she was entitled to deferral of removal under the CAT. (*Id.* at 5–6.)

In May 2015, defendant was arrested and charged in this case with unlawful reentry into the United States on or about March 15, 2015. (ECF No. 6.) Defendant is in custody. (ECF No. 3.) In her motion to dismiss, she argues the charge against her is based on an invalid removal order. (ECF No. 11-1 at 1.) The removal order was invalid, defendant argues, because even though California voluntary manslaughter is not considered an aggravated felony under the immigration laws, the immigration judge erroneously characterized it as an aggravated felony. (*Id.* at 1 (citing *Purohit v. Holder*, 441 F. App'x 458, 460 (9th Cir. 2011)). Defendant also argues her removal was fundamentally unfair because her attorney rendered ineffective assistance of counsel by conceding defendant's removability. (ECF No. 11-1 at 1.) The court resolves the pending motion on the latter ground.

II.     LEGAL STANDARDS

   A.     Motion to Dismiss

Under Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." "A motion to dismiss is generally capable of determination before trial if it involves questions of law rather than fact." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (internal quotation marks omitted). In considering a pretrial motion to dismiss an indictment, the court "must presume the truth of the allegations in the charging instruments." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). Further, the court should not generally consider "evidence not appearing on the face of the indictment." *Id.* A court, however, "may make preliminary findings of fact necessary to decide the legal questions presented by the motion," as long as its findings do not "invade the province of the ultimate finder of fact." *Nukida*, 8 F.3d at 669. And no prohibition bars the consideration of extrinsic evidence for purposes of a Rule 12(b) motion to dismiss in criminal cases. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

/////

B. Collateral Attack

At the same time, Title 8 provides that in a criminal proceeding filed under that section, an alien[2] may not challenge the deportation's validity unless the alien demonstrates that:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d); *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047-48 (9th Cir. 2004) ("A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack [her] removal order because the removal order serves as a predicate element of [her] conviction." (citation omitted)). "An underlying removal order is fundamentally unfair if: (1) [a defendant's] due process rights were violated by defects in [her] underlying deportation proceeding, and (2) [she] suffered prejudice as a result of the defects." *Ubaldo-Figueroa*, 364 F.3d at 1048 (internal quotation marks omitted, first alteration in original).

III.   DISCUSSION

As noted, defendant here is charged with illegal reentry into the United States in violation of 8 U.S.C. § 1326. The elements of that crime are: (1) the defendant is an alien; (2) the defendant was deported and removed from the United States; and (3) the defendant voluntarily reentered and remained in the United States without the consent of the Attorney General. *United States v. Gondinez-Rabadan*, 289 F.3d 630, 632–33 (9th Cir. 2002). Defendant collaterally attacks the underlying removal order. (ECF No. 11.) Defendant argues, among other things, she received ineffective assistance of counsel at the removal hearing. (*Id.*)

/////

/////

/////

---

[2] "Alien," as defined in Title 8, means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

4

A.   Ineffective Assistance of Counsel

  1.   Due Process

While there is no constitutional right to counsel in deportation proceedings, defendant has a right to due process under the Fifth Amendment. *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000). To establish ineffective assistance of counsel in immigration proceedings based on a due process violation, a petitioner must show (1) that "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting [her] case," and (2) prejudice. *Jie Lin v. Ashcroft*, 377 F.3d 1014, 1023–24 (9th Cir. 2004) (internal quotation marks omitted). An alien's "right to a full and fair presentation of [her] claim include[s] the right to have an attorney who would present a viable legal argument on [her] behalf supported by relevant evidence, if [she] could find one willing and able to do so." *Id.* at 1025. The Ninth Circuit has found ineffective assistance of counsel where an attorney did not make "a considered determination as to the viability of arguments that would benefit an alien . . . ." *United States v. Lopez-Chavez*, 757 F.3d 1033, 1041 (9th Cir. 2014). The Ninth Circuit "has also found failure to perform legal research to be ineffective performance by an attorney." *Id.*

For example, in *Jie Lin*, the attorney's "lack of preparation prevented her from researching and presenting basic *legal* arguments fundamental to the asylum claim." *Jie Lin*, 377 F.3d at 1024 (emphasis in original). Likewise, the "BIA . . . has found ineffective assistance of counsel and allowed the withdrawal of a concession where an attorney conceded removability after failing to research and advise a client that there [was] no sound basis for the charges." *Lopez-Chavez*, 757 F.3d at 1042 (internal quotation marks omitted). In the same vein, where it was evident that counsel did not do "the minimal research that would have allowed him to acquire an understanding of immigration proceedings and would have revealed the key precedential BIA decision concerning the ground for . . . removability," the Ninth Circuit has found an alien was prevented from reasonably presenting the case. *Id.*

Here, at the time of defendant's removal proceedings in September 2013, a competent immigration attorney would have been aware of *Purohit v. Holder*, 441 Fed. App'x 458, 460 (9th Cir. 2011). That decision explicitly addressed the issue of whether voluntary

5

manslaughter under California law is categorically a crime of violence and found that it is not. *Id.* In *Purohit*, the Ninth Circuit reasoned that a crime of violence requires intentional use of force, whereas a defendant can violate Penal Code section 192(a) by the reckless use of force. *Id.* (citing *People v. Rios*, 23 Cal. 4th 450 (2000); *People v. Lasko*, 23 Cal. 4th 101 (2000)). Although *Purohit* is unpublished and thus non-binding, it is persuasive authority, *Nuh Nhuoc Loi v. Scribner*, 671 F. Supp. 2d 1189, 1202 (S.D. Cal. 2009) (noting "unpublished decisions have persuasive value and indicate how the Ninth Circuit applies binding authority"); *United States v. Dorsey*, No. 14-328, 2015 WL 847395, at *3 n.4 (C.D. Cal. Feb. 23, 2015) (noting correctly that "unpublished decisions issued on or after January 1, 2007 may be cited as persuasive authority pursuant to Ninth Circuit Rule 36–3(b)" (internal quotation marks omitted)). One district judge in the Central District has considered *Purohit* and twice found it persuasive, once before defendant's removal hearing. *See United States v. Dominguez*, No. 12-879, 2013 WL 2237786, at *3 (C.D. Cal. May 20, 2013) ("While the result in *Purohit* is non-binding, the Court finds the reasoning persuasive, and also concludes that voluntary manslaughter pursuant to § 192(a) is not categorically a crime of violence."), *appeal dismissed on motion of appellant,* Case No. 13-50333 (9th Cir. Jan. 7, 2015); *accord United States v. Aitken*, No. 14-143, 2015 WL 1486925, at *4 (C.D. Cal. Mar. 30, 2015) (same), *appeal filed*, Case No. 15-50199 (9th Cir. May 1, 2015). In light of *Purohit,* a competent attorney would not have conceded defendant's removability and would not have foregone at least raising the argument before the immigration judge, on any appeal to the BIA and then in a petition to the Ninth Circuit. Defendant's counsel fell short in both ways: she erroneously conceded defendant's removability and did not pursue that question on appeal. Her actions constituted ineffective assistance.

Moreover, in light of the record before the court, no argument can be made that defendant's immigration counsel made a strategic or tactical decision in conceding and not appealing the removability issue. Counsel falls on her sword, saying she "should not have conceded [defendant's] removability without looking independently and carefully at the question of whether her conviction actually met the definition of the aggravated felony." (Paulus Decl. ¶ 5.) She flatly states her "concession . . . was not a tactical decision." (*Id.*) A partner at the law

firm where counsel worked "served as a supervisor on the case." (Jacobs Decl. ¶¶ 1–3, ECF No. 17-1, Ex. P.[3]) The partner fully corroborates counsel's statements: she too now agrees that the "concession should not have been made" because their firm had not independently researched the removability issue. (*Id.* ¶ 5.) The partner regrets "not having suggested more in-depth research regarding [the] removability or identifying the issue [herself]." (*Id.*) The partner says her firm continues to represent defendant in her petition before the Ninth Circuit, challenging denial of relief under the CAT, but that the firm is seeking new counsel to reopen defendant's case before the BIA based on ineffective assistance of counsel. (*Id.* ¶ 7.)

In sum, the decision to concede defendant's removability was not a tactical one. Instead, it was the result of a lack of detailed independent research and blind reliance on a prior counsel's assurances and brief reviews of a quick reference chart. The conduct of defendant's counsel not only "prevented [her] from reasonably presenting [her] case," but rendered the proceedings "fundamentally unfair." *Jie Lin*, 377 F.3d at 1023.

        2.        Prejudice

To show ineffective assistance of counsel in an immigration proceeding, an alien must also show that her counsel's deficient performance resulted in prejudice. *Correa-Rivera v. Holder*, 706 F.3d 1128, 1133 (9th Cir. 2013). Prejudice manifests "when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." *Id.* (internal quotation marks, citation omitted). "To establish prejudice, [an alien] does not have to show that [she] actually would have been granted relief. Instead, [she] must only show that [she] had a 'plausible' ground for relief from deportation." *Ubaldo-Figueroa*, 364 F.3d at 1050.

Here, the record is undisputed that defendant's lawyer conceded plaintiff's removability. *Cf. Castillo-Perez v. I.N.S.*, 212 F.3d 518, 526 (9th Cir. 2000). Because of that concession, despite the availability of *Purohit* as a persuasive basis for challenging removability, defendant "was prevented from reasonably presenting [her] case." *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008) (internal quotation marks omitted). Defendant "lost [her] opportunity

---

[3] The Jacobs declaration was filed with defendant's reply. The government also has not objected to it.

to apply for cancellation of removal." *Correa-Rivera*, 706 F.3d at 1133. As in *Correa-Rivera*, "[s]he was prejudiced by the lawyer's ineffective assistance." *Id.*

This court finds that defendant has shown ineffective assistance of counsel in her immigration proceedings in violation of her right to due process, and the required prejudice.

B.  Other Procedural Requirements of § 1326

Because defendant received ineffective assistance of counsel in her immigration proceedings in violation of due process and was prejudiced, she "has necessarily established that for purposes of the collateral attack on [her] removal, the entry of the order [of removal] was fundamentally unfair, thus meeting the principal statutory requirements under 8 U.S.C. § 1326(d)." *Lopez-Chavez*, 757 F.3d at 1044 (internal quotation marks omitted). "The remaining two requirements for a collateral attack are procedural: a defendant must show (1) that [she] exhausted any administrative remedies that may have been available to seek relief against the order, and (2) that the removal proceedings deprived [her] of the opportunity for judicial review." *Id.* (internal quotation marks omitted).

While defendant has petitioned the Ninth Circuit for review of the denial of deferral of her removability under the CAT, she has not exhausted a challenge to the propriety of her removability in the first instance. But she has not done so because her attorney in the immigration proceedings never raised the issue. Where an attorney waives an issue, that waiver "will not support a finding that the detainee made a knowing and considered waiver of the right to appeal." *United States v. Proa Tovar*, 945 F.2d 1450, 1453 (9th Cir. 1991), *superseded on other grounds by* 975 F.2d 592, 594 (9th Cir. 1992) (en banc). As in *Lopez-Chavez*, "counsel's ineffectiveness also caused [defendant's] failure to exhaust administrative remedies and deprived [her] of [the] opportunity for judicial review." 757 F.3d at 1044. "Thus, [defendant] satisfies all three requirements necessary to sustain a collateral challenge to [her] underlying removal." *Id.* Accordingly, the court need not reach defendant's alternative argument that her crime of conviction is not categorically a crime of violence.

/////

/////

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion to dismiss the indictment.

IT IS SO ORDERED.

DATED: August 11, 2015.

_____
UNITED STATES DISTRICT JUDGE